IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Cook,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Michael J. Astrue,<br>Commissioner, Social Security Admin.<br><br>　　　　　Defendant. | NO. C 07-05085 JW<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1915(a), Michael Cook, has filed an Application to Proceed in Forma Pauperis based on his declaration of poverty in this action against Michael J. Astrue, Commissioner of the Social Security Administration.[1] (Docket Item No. 2.) For the reasons set forth below, the Court GRANTS Plaintiff's application. However, the Court DISMISSES the complaint for failure to state a claim.

## II. DISCUSSION

**A.　Eligibility to Proceed In Forma Pauperis**

Title 28 U.S.C. Section 1915(a)(1) provides that "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or

---

[1] Plaintiff mistakenly names Jo Anne Barnhart as the current Commissioner.

criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Section 1915 further states that "such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

In this case, Plaintiff has declared under the penalty of perjury that he is not presently employed and does not have any asset as he is currently incarcerated. (Docket Item No. 2.) Based on Plaintiff's declaration of poverty, the Court GRANTS Plaintiff's Application to Proceed in Forma Pauperis.

### B. **Failure to State a Claim**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the case at any time if the court determines that it "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); See also Denton v. Hernandez, 504 U.S. 25, 27 (1992). Accordingly, the Court proceeds to examine Plaintiff's tendered Complaint, which alleges as follows:

On November 20, 2002, the Social Security Administration ("SSA") sent Plaintiff a notice of overpayment. (Complaint, Ex. 1, Docket Item No. 1.) The notice stated that due to Plaintiff's incarceration, he was not entitled to $2,768.44 in Supplemental Security Income ("SSI") payments made to him between October 2001 and May 2002. (Id.)

On February 27, 2007, SSA sent Plaintiff a notice stating, in relevant part, the following:

> This Notice replaces the Notice of November 20 2002 which you told us you received when you reviewed the medical records you requested from us. Your remarks in the letter you wrote, dated August 21, 2006, caused us to look at the Notice of November 20, 2002 and see that indeed the Notice was not completely accurate. The amount of the overpayment was less than the true overpayment and the months for which you were overpaid were not totally correct.

2

(Complaint Ex. 2.)  The Notice then listed overpayments for October and November, 2000, and January, May, and December, 2002.  The total amount overpaid to Plaintiff was $3,336.78.  (Id.)

On July 27, 2007, SSA sent Plaintiff a notice stating, in relevant part, the following:

> You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.
>
> We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02, and 11/02.
>
> However, there was an outstanding SSI overpayment in the amount of $3336.78 due to your incarceration of the following months: 10/00, 11/00, 01/02, 05/02, and 12/02.
>
> We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

(Complaint, Ex. 3.)  The Notice then stated: "If you disagree with this decision, you have the right to request a hearing."  (Id.)  Plaintiff requested a hearing.  (Id.)

On September 12, 2007, SSA sent Plaintiff a notice stating, in relevant part, the following:

> YOUR REQUEST FOR RECONSIDERATION REGARDING GIVING YOU YOUR RETURNED SSI CHECKS IS NOT AN APPEALABLE ISSUE.  YOU WERE NOT DUE THOSE CHECKS DUE TO INCARCERATION SO THEY WERE RETURNED TO TREASURY.

(Complaint, Ex. 4.) (capitals in original).

On the basis of the allegations outlined above, Plaintiff alleges that he is entitled to 1) receive the checks that were returned to SSA, and 2) an appeal of SSA's decision.  (Complaint at 2.)

The Court finds Plaintiff fails to state a claim on which relief may be granted for the following reasons.

First, under 42 U.S.C. § 402(x), individuals are not entitled to SSI benefits for any month during which the person is, *inter alia*, confined to a jail, prison, or other penal institution or correctional facility for a criminal offense.  Here, the SSA's notices to Plaintiff clearly reflect that SSA made a determination that Plaintiff was incarcerated during the months at issue.  SSA is authorized to make such a determination in the first instance.  See 20 C.F.R. § 404.902; 42 U.S.C. §

902. Plaintiff has not challenged SSA's determination regarding his incarceration. Plaintiff has not alleged any facts that, if true, would entitle him to recovery of the returned checks. Second, although the SSA stated in its July 27, 2007 letter that Plaintiff had a right to request a hearing if he disagreed with its decision, it corrected that statement in its September 12, 2007 letter. The September 12 letter explicitly excluded the appealability of SSA's decision to not return the checks that were issued in error due to Plaintiff's incarceration.

Accordingly, the Court finds that viewing the Complaint in a light most favorable to the Plaintiff, the Complaint is devoid of any merits. The Complaint is ordered DISMISSED.

**C.   Dismissal is With Prejudice**

A court should only dismiss a complaint without leave to amend when "the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794 (2d Cir. 1999). In this case, since Plaintiff is stautorily barred from receiving SSI benefits due to his incarceration, leave to amend would be futile. Accordingly, the Court dismisses the Complaint with prejudice.

### III.  CONCLUSION

The Court GRANTS Plaintiff's Motion to Proceed In Forma Pauperis. However, the Court DISMISSES Plaintiff's Complaint with prejudice.

Dated: November 30, 2007

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Michael Charles Cook
T-79529
CSP- New Folsom
P. O. Box 290066
Represa, Ca 95671-0066

**Dated:   November 30, 2007**                              **Richard W. Wieking, Clerk**

                                                            **By:  /s/ JW Chambers**
                                                                  **Elizabeth Garcia**
                                                                  **Courtroom Deputy**