C07-05085-JW

FILED

2007 DEC 10 P 4:27

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Motion for Reconsideration of Judgement
NO C07-5085 JW

Plaintiff brings this Motion for Reconsideration in that plaintiffs due process rights are being violated.

1. Plaintiff has a constitutional right to a hearing before a administrative law judge, the fact that plaintiff is currently confined is irrelevent. The notice sent to plaintiff on July 27-2007 clearly acknowledges plaintiff's current address of confinement. For the SSA to denie plaintiff this right, is a total violation of his due process rights. Social Security Act 404.468 clearly states that recipients are elligible to receive payment as prisoners if involved in a court approved rehabilitation center or program.


CDC is a Court approved Rehabilitation Program. Also How Could plaintiff had demonstrated that he was not incarcerated during the Months that SSA states he was incarcerated, if he can not obtain a Hearing in order to do this. It is plaintiff request that the Court reconsider the Judgement with respects to newly discovered evidence. Plaintiff can in fact proof that he was not convicted of a felony during the Months and years of Oct, Nov, Dec, 2001, but was convicted of a Misdemeanor please see exhibit # 1. 404.468 clearly states that no benefits will be payable to a person convicted of a felony, a offense punishable by death or imprisonment for a term exceeding one year. It is also plaintiffs request that the Court review the order by the Honorable Richard Seeborg

Expressing his acknowledgement of the SSA's stated remedy in the notice of reconsideration. 42 USC 405(g) and (7) clearly states that a claimant has a right to exhaust all his administrative remedies, reconsideration, administrative law judge hearing, review by the appeals Counsel. These rights are in compliance with plaintiff property rights protected by the 14th amendment. It is now plaintiffs request that the Court review the facts, that if plaintiff was given the opportunity to present in a hearing, would've allowed plaintiff to proof his case, also would allowed plaintiff to present his elligibility to recieve benefits as a prisoner as stated in 42 USC 909.68. Once again it states in the Courts November 30, 2007 order, that plaintiff has not alleged any facts that, if true would entitle him to recovery of the returned checks, once again

plaintiff had not the opportunity to present the facts, that he can now present to the court. It clearly expresses in the notice of Reconsideration that plaintiff could and would be able to present his facts in the administrative law judge hearing. Not in the initial notice of reconsideration. In the initial appeal plaintiff was requesting checks that were not even classified as overpayments, so why would he present evidence at this time during the administrative procedure? The appropriate, instructed way to present facts that would entitle him to recovery, would have been during a hearing before an administrative law judge. As there was simply no other way to present these facts.

It is plaintiffs request that the Court review Elliot v. Weinberger, CA. 9 Hawaii 564 F.2d 1219 (1977) where the Court found that due process requires a pre oral Recovery hearing, and it was inforced in this case. The SSA has denied plaintiff his due process right to a hearing. Also please review Roth v Board of Regents 408 US 564, 33 L Ed 2d 548, 92 S Ct 2701.

2. It is now plaintiff request that the Court Reconsider the Judgement, and entertain the newly discovered evidence presented with this Motion. Also that the Court grant plaintiff a Dismissal without prejudice, if the Court deems the evidence insufficient.

I Michael Cook hereby testifie that the foregoing is true and correct and

Can hereby testify to this if called upon to do so.

Executed this 30th day of November-2007

Signature _____
Michael Cook

plaintiff would aslo like to include that Exhibit 3# Clearly demonstrated that he is the owner of these instruments as these instruments have not been indased neither negotiated back to SSA, for the SSA, to withhold these instruments is a violation of plaintiffs due process rights and a breach of Simple Contract to pay Funds. A owner of personal property has the exclusive right to possession and desposition of his or her property no matter the Justice of his or her Circumstances.

Discription of Exhibits

Exhibit #1

Demonstrates where plantiff was incarcerated for a misdeamenor offense. 42 USCA clearly states that no benefits will be paid to an individual who is confined for a Fellony offense.

Exhibit #2

An order from the Honorable Judge Richard Seebory acknowledging plantiffs Right to a administrative hearing befor a administrative law Judge, also acknowledging that the notice clearly stated a right to this remedy.

Exhibit #3

The Notice of reconsideration Clearly acknowledging payments returned, that were not overpayments. Then a total deprivation with out Due process by an SSA employee.

Exhibit #4

404.968. of the Social Security Act Clearly expressing that benefits are not payable to prisoners convicted of a felony offense.

This concludes Exhibit Discription.

I Michael Cock hereby testifie that the forgoing is true and correct.

Executed this 4th day of December 2007

Signature [signed]

Michael Cock

```
SAN MATEO        DISPLAY CUSTODY CHRONOLOGY              09/10/02
  CJIS                                                    14:34
MORE DATA PENDING
```

Exhibit IH

ORG: SO          JAIL NO: _____       SMCSO ID: 1078032
TRUE NAME: COOK, MICHAEL C

| JAIL NUMBER | BOOK DATE | BOOK TYPE | COURT CASE NUMBER | BAIL AMOUNT | RLSE TYPE | RLSE DATE |
|---|---|---|---|---|---|---|
| SO 0468196 00 | 04/19/02 | OPE | NF320185A | 0.00 | CT | 06/04/02 |
| PC 422 (F); PC 243.4(D)(1) (M) | | | | | | |
| SO 0468196 01 | 06/04/02 | OPE | SC051612A | 0.00 | CU | 09/09/02 |
| PC 422 (F); PC 243.4(D)(1) (M) | | | | | | |
| SO 0463355 00 | 01/11/02 | OPE | NM317888A | 0.00 | TS | 03/30/02 |
| PC 148(A)(1) (M); PC 415.5(A)(3) (M) | | | | | | |
| SO 0463355 01 | 01/12/02 | OPE | SM316582A | 0.00 | CU | 02/01/02 |
| PC 241.1 (F); PC 664/243(B) (M) | | | | | | |
| SO 0457204 00 | 09/11/01 | OPE | SM314433A | 0.00 | TS | 01/07/02 |
| PC 240 (M); PC 242 (M) | | | | | | |
| SO 0442957 00 | 11/18/00 | OPE | NM307788A | 0.00 | TS | 08/13/01 |
| PC 242 (M) | | | | | | |

NEXT FUNCTION: _____  CURR FUNCTION: IMDSPREC ID: J21298-J212981  PF1=HELP

I                          »↑                        0    24,17

*This exhibit clearly demonstrates where plaintiff was convicted of a misdemeanor pertaining to the checks mailed in Oct, Nov, Dec, 2001*

*CONTROLLED DOCUMENT NOT TO BE DUPLICATED — DON HORSLEY, SHERIFF, SAN MATEO COUNTY*

*E-FILED 10/11/07*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

MICHAEL COOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

NO. C 06 05950 RS

**ORDER**

In this action, plaintiff Michael Cook contends the Social Security Administration ("SSA") has wrongfully failed to forward to his current address certain Supplemental Security Income benefit checks that were previously mailed to him but returned as undeliverable. On August 7, 2007, the Court entered an order stating, among other things: "it could be that Cook will eventually be entitled to judicial review of any adverse determination made in the administrative proceedings. Assuming Cook meets the prerequisites for such review, he would need to file a *new* action, in compliance with the rules applicable to such proceedings. See, e.g. Local Civil Rule 16-5. In the meantime, Cook is advised that there appears to be no conceivable basis to seek further relief in this particular action, and he is strongly discouraged from filing any further 'motions,' letters, or other pleadings herein." August 17, 2007, Order at 4:1-6 (footnote omitted).

Notwithstanding this clear direction that Cook should not continue to submit papers or seek relief in this action, he has continued to do so. Most recently, Cook has submitted a letter and other documents requesting: (1) "any kind of assistance [the Court] could render" with respect to his claim that the SSA is not permitting him to exhaust his administrative remedies, and (2) that he be

1

provided an appropriate "form" for filing a claim against a person acting under the color of state law.

Cook's first request is based on the fact that the SSA apparently has informed Cook that he has no right to review by an Administrative Law Judge of a decision issued by the SSA on July 27, 2007. The SSA appears to be taking the position that because that decision *waived* SSA's right to recover an asserted overpayment of $3336.78, Cook cannot be aggrieved by the decision and there is nothing left for him to appeal. It is not immediately clear whether the SSA's position that its decision left nothing for Cook to challenge is tenable. The July 27, 2007 decision included a finding that six specific SSI checks were returned to the SSA. In what appears to be subsequent handwritten interlineations to that decision, presumably made by an SSA employee in communication with Cook, the agency seems to explain further that Cook is not entitled to recover any of the returned checks because he was incarcerated during the months to which those checks pertain. The SSA may be correct that Cook is not entitled to those checks if he was incarcerated, but it appears to be *that* aspect of the July 27, 2007 decision that he wished to challenge in a hearing before an Administrative Law Judge. Accordingly, the fact that overpayment was *waived* in connection with checks sent for certain *other* months does not appear to establish conclusively that Cook could not be considered aggrieved by the decision that he is not entitled to the monies represented by the checks that were returned to the SSA unnegotiated.

That said, Cook's request that the Court somehow compel the SSA to "permit" him to "exhaust" his administrative remedies must be denied. Cook either was entitled to a hearing before an Administrative Law Judge or he was not, but as a general rule, an agency that asserts a particular administrative remedy is not available will not thereafter be able to argue that judicial review is foreclosed solely as a result of the claimant's failure to exhaust that remedy. In other words, the basis for Cook's request seems to be his contention that he is not being "allowed" to exhaust his administrative remedies, but if that is true, then he likely *has* exhausted his remedies and should proceed as directed in the Court's August 7, 2007 Order. Nothing in this Order, however, is a finding of fact or a conclusion of law as to whether or not Cook has indeed exhausted his administrative remedies.

Cook's second request, asking that he be provided a "form" for filing a claim against a

2

1 | person acting under the color of state law is also denied. It appears Cook has misunderstood the
2 | Court's August 7, 2007 Order, which addressed a proposed complaint that Cook had submitted on a
3 | form available to prisoners for bringing complaints under 42 U.S.C § 1983. The claims Cook has
4 | attempted to assert in this action, although not always entirely clear, have plainly been against the
5 | *federal* government or its employees for actions taken under the color of *federal* law. To the extent
6 | Cook wants a "form" to pursue further his complaints against the SSA in connection with the
7 | matters he has raised in this action, 42 U.S.C § 1983 is simply inapplicable. To the extent Cook may
8 | wish to raise *other* claims, unrelated to this proceeding, against persons acting under the color of
9 | *state* law, it is evident that he already has access to forms designed for bringing such claims.

Finally, Cook is hereby advised that, absent a legal obligation to act otherwise, the Court intends to: (1) disregard any further letters or other documents filed by Cook in this action, whether filed, marked as "received," or sent directly to chambers, and; (2) dispose of any document filed as a "motion" by minute order stating only "motion denied."

IT IS SO ORDERED.

Dated: October 10, 2007

RICHARD SEEBORG
United States Magistrate Judge

C 06 05950 RS         3

*—Clarification*

# Social Security Administration
## Supplemental Security Income
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: ███-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated. *Plantiff was incarcerated for a misdemeanor during these Months and years Mr. ____*

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02. *—Credited* *you were not due any of the above cks due to incarceration* *back to treasury*

However, there was an still outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

*appeal dismissed — no longer issue since OP already waived*
*—Zero Overpayment balance—*

**If You Disagree With The Decision**

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

*It states right in this section that I have a right to request a hearing!*

See Next Page

*174698 OASDI Regs, 20 CFR § 404.468, 42 U.S.C.A.App.

UNITED STATES CODE ANNOTATED
TITLE 42. THE PUBLIC HEALTH AND WELFARE
APPENDIX
CODE OF FEDERAL REGULATIONS
TITLE 20--EMPLOYEES' BENEFITS
CHAPTER III--SOCIAL SECURITY ADMINISTRATION
PART 404--FEDERAL OLD-AGE, SURVIVORS AND DISABILITY INSURANCE (1950--)
SUBPART E--DEDUCTIONS; REDUCTIONS; AND NONPAYMENTS OF BENEFITS

*As amended to 02-05-07*

§ 404.468. Nonpayment of benefits to prisoners

(a) General. No monthly benefits will be paid to any individual for any month any part of which the individual is confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony. This rule applies to disability benefits (§ 404.315) and child's benefits based on disability (§ 404.350) effective with benefits payable for months beginning on or after October 1, 1980. For all other monthly benefits, this rule is effective with benefits payable for months beginning on or after May 1, 1983. However, it applies only to the prisoner; benefit payments to any other person who is entitled on the basis of the prisoner's wages and self-employment income are payable as though the prisoner were receiving benefits.

(b) Felonious offenses. An offense will be considered a felony if--

(1) It is a felony under applicable law; or

(2) In a jurisdiction which does not classify any crime as a felony, it is an offense punishable by death or imprisonment for a term exceeding one year.

(c) Confinement. In general, a jail, prison, or other penal institution or correctional facility is a facility which is under the control and jurisdiction of the agency in charge of the penal system or in which convicted criminals can be incarcerated. Confinement in such a facility continues as long as the individual is under a sentence of confinement and has not been released due to parole or pardon. An individual is considered confined even though he or she is temporarily or intermittently outside of that facility (e.g., on work release, attending school, or hospitalized).

*174699 (d) Vocational rehabilitation exception. The nonpayment provision of paragraph (a) of this section does not apply if a **prisoner** who is entitled to benefits on the basis of disability is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for the individual by court of law. In addition, the Commissioner must determine that the program is expected to result in the individual being able to do substantial gainful activity upon release and within a reasonable time. No benefits will be paid to the **prisoner** for any month prior to the approval of the program.

CREDIT(S)

*[49 FR 48182, Dec. 11, 1984, as amended at 62 FR 38450, July 18, 1997]*

<General Materials (GM) - References, Annotations, or Tables>

REFERENCES

LIBRARY REFERENCES

American Digest System

Social Security and Public Welfare ⚖135.1, 140.1, 140.5, 140.76.
Key Number System Topic No. 356A.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

# PROOF OF SERVICE

(C.C.P. §2015.5; 28 U.S.C. §1745)

I, Michael Cook, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

CSP Sacramento
P.O. Box 290066
Represa CA 95671

On, DEC-4-07, 2007, I served the following documents: Motion for Reconsideration of Judgement on the below named individuals by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. US District Court
   280 S First St
   Room 2112
   San Jose CA
   95113

2. _____

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of December 2007, at California State Prison at Sacramento, Represa, California.

(Signature) _____
Declarant