FILED

2008 JAN 22 P 3:22

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL COOK,

    Plaintiff(s),

v.

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION,

    Defendant(s).
_____/

No. C 07-05085 RS

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: 1-15-07

Signature

Counsel for _____
(Name of Party or indicate "Pro Se")

Michael Cook

*[Handwritten note at top: "To Court Clerk Would like this Exhibit #5 Exhibit to be added to Motion for Summary of Judgement entere on 12-21-07  R.C"]*

Page 6

384 F.Supp. 540, Thomas v. Weinberger, (S.D.N.Y. 1974)

which were calculated on the basis of an earnings report submitted by Mr. Morton. (FN5) Their claims considered in relation to those of the plaintiffs present common questions both of law and fact. However, in light of this Court's decision to postpone consideration of the constitutional adequacy of the hearing procedures until administrative reconsideration of the plaintiffs' claims is completed, adjudication of the rights of the parties would be unduly delayed by interposing and waiting for administrative reconsideration of the ***544.** Mortons' claims as well. The Mortons are members of the would-be class and as such would benefit from any relief that plaintiffs may receive in their individual capacities. The motion for permissive intervention is accordingly denied, without prejudice to renewal after the administrative action has been had on the claims in suit.

So ordered.

(FN1.) See 42 U.S.C. § 404 and 20 C.F.R. § 404.501 et seq.

(FN2.) Plaintiffs also assert jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. The Second Circuit has expressly declined to determine whether the APA constitutes a jurisdictional base independent of the jurisdictional amount. Aguayo v. Richardson, 473 F.2d 1090, 1101-1102 (2d Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). Thus, this Court does not decide the question despite the recent District Court decisions in Frost and Lyons that the APA does provide such a grant.

(FN3.) Reconsideration of these determinations was begun in late 1973 and has been pending for what, superficially at least, seems an inordinate time. *[Handwritten: The checks stated in Exhibit 7# which were recovered in Exhibit #2 was illegal, Plaintiff has a right to a hearing prior to any recovery]*

(FN4.) Due process requires a hearing of some kind prior to recoupment of past overpayments from future benefits. See, e. g., Elliott v. Weinberger, 371 F.Supp. 960 (D. Hawaii 1974). Since the Werners did not receive any hearing at all, the $116 which was recouped from them should be returned pending completion of reconsideration, and plaintiffs' motion for summary judgment is granted insofar as to provide such relief. The SSA has promised on its own initiative to return the monies recouped from the Thomas family and apparently has already done so.

(FN5.) As with the Thomases, the SSA has returned the monies that it recouped from the Mortons and they are presently receiving their full benefits. The present status of administrative reconsideration in their case is unclear.

*[Handwritten: Thus Making all the documented checks still plaintiffs personal property.]*

© 2006 Thomson/West. No claim to original U.S. Govt. works.