*To be included with most recent petition filed to this court bearing the same case No.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Michael Cook

            Plaintiff,

v.   U.S.A.

            Defendant.

Case No. C07-6068
          C07-5085

    The above-names plaintiff makes the following representations to this court for the purpose of obtaining judicial review of a decision of the defendant adverse to the plaintiff:

    1.    The plaintiff (whose Social Security Account No. is 3056) is a resident of Delano, City, CA State.

    2.    The plaintiff complains of a decision which adversely affects the plaintiff in whole or in part. The decision has become the final decision of the Secretary for purpose of judicial review and bears the following caption:

In the case of  
Michael Cook  
Claimant  

Michael Cook  
Wage Earner

Claim for  
Social Security Disability benefits

3056  
Social Security Number

    3.    The plaintiff has exhausted administrative remedies in this matter and this court has jurisdiction for judicial review pursuant to 42 U.S.C. 405(g).

    WHEREFORE the plaintiff seeks judicial review by this court and the entry of judgment for such relief as may be proper,

To Court Clerk plaintiff would like this statement or declaration be added to the most recent petition filed by Michael Cook v USA.

Plaintiff Michael Cook, would like to present the following facts of law in regard to the matter of Cook v United States of America.

1. Plaintiff was mailed (SSI) benefit checks during the Months and years of Oct, Nov, Dec 2001, Oct & Nov Dec 2002. At the same time these checks were mailed and delivered to plaintiff, he aquired both a property interest also a security interest in the instruments. The instruments were paid through Statutory Entitlement of Social Security benefits due to Plaintiff being found to be disabled.

2. The mailed checks were accidently returned to Sender. Plaintiff became aware of this fact (please see (exhibit #1 and 2) then contacted the defendat simply requesting that the returned checks be forwarded to the current address he resides.

3. The defendant then contacted plaintiff and expressed that the checks were paid in error constituting an overpayment. Plaintiff then requested to appeal this determination. The defendant complied with plaintiffs request then denied plaintiff recovery of the returned checks.

Plaintiff then requested a Statutory hearing befor an administrative law Judge. Initially the defendant agreed to proceed with this hearing acknowledging that due process is flexible and that the hearing would proceed even though plaintiff is at the present time incarcerated. The defendant then denied plaintiff this hearing expressing that the hearing would take place once plaintiff is released from incarciration.

4. Plaintiff now would like to express to the Court, that for the defendant to take this action would clearly be a violation of plaintiffs due process rights, in that due process requires a hearing of some kind prior to recovery of payments made that are being expressed as being overpayments see Thomas v Wienberger 384 F. Supp. 540 S.D.N.Y. 1974) At the present time the defendant is infact denying plaintiff his statutory right to Due process befor deprivation. It needs to be expressed that plaintiff has at least another Ten years on his sentence. It also needs to be expressed that plaintiff has now filed his second action due to the defendants breach of agreement to camplie with plaintiffs due process rights on two occasion's. It is now plaintiff's request that the Court acknowledge these facts and now order the defendant to forward all returned checks to plaintiff at

the current address he resided. These checks were paid constructively, constructively recieved, also are now in plaintiffs constructive possession. Plaintiff is at the time the holder in due course of the check, also the owner due to the checks being assigned to plaintiff. Plaintiff at the time holds legal title to the returned checks. The checks were niether indorsed or negotiated back to the defendant. Due to all the facts of law stated in this complaint also with the included exhibits #1 #2. Plaintiff is infact entitled to the returned checks also there recovery.

respectfully submitted by

*Michael Cook* plaintiff

I michael cook, hearby swear by the penalty of perjury that the forgoing is true and correct and can hearby testifie to this if called to do so. Executed this 5th day of April, 2008.

*[signature]*

Michael Cook

Plaintiff request that this court utilizes all exhibits included with previous filing to this court, dealing with the same matter    MC