1  JOSEPH P. RUSSONIELLO (CS 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JAMES A. SCHARF (CSBN 152171)
   Assistant United States Attorney
4
5      150 Almaden Boulevard, Suite 900
       San Jose, California 95113
       Telephone: (408) 535-5044
6      Facsimile:  (408) 535-5081
       james.scharf@usdoj.gov
7
8  Attorneys for Defendant Social Security Administration

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12
   MICHAEL COOK,                    )    No. C 07 5085 RS
13                                  )
           Plaintiff,               )    **DEFENDANT'S MOTION TO DISMISS**
14                                  )    **PLAINTIFF'S COMPLAINT**
       v.                           )
15                                  )    Date:   July 9, 2008
   SOCIAL SECURITY ADMINISTRATION   )    Time:   9:30 a.m.
16                                  )    Judge: Honorable Richard Seeborg
           Defendant.               )    Location:  Courtroom 4, 5th Floor
17  _____ )

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

1

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendant United States moves pursuant to Federal Rule of Civil Procedure, Rule 12(b)(1) or alternatively, pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), for dismissal of the complaint filed by Plaintiff Michael Cook ("Plaintiff").  This motion is based upon this Notice of Motion and the Memorandum of Points and Authorities below, the Declaration of Jacque Wolfe and the exhibits attached thereto, which is attached to this motion, the papers and pleadings on file in this action, the papers, pleadings and orders filed in the related cases, and any other matters that the Court may wish to consider.  For briefing purposes, this motion will be heard on July 8, 2008, before the Honorable Richard Seeborg, although, consistent with this Court's prior Order, no actual hearing will be held as plaintiff is incarcerated.

## RELIEF REQUESTED

The United States requests the dismissal with prejudice of plaintiff's complaint in its entirety.

## ISSUES PRESENTED

Whether this Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies.

Alternatively, whether plaintiff's complaint fails to state a claim because plaintiff is not entitled to benefit checks while he is incarcerated.

## MEMORANDUM IN SUPPORT OF MOTION

### INTRODUCTION

Plaintiff Michael Cook has filed at least four separate actions regarding his contention that he is entitled to recover certain Supplemental Social Security Income checks that allegedly were mailed to him but he contends he never received or cashed.  Pursuant this Court's Scheduling Order dated May 19, 2008, plaintiff was ordered to stop filing new complaints regarding this same basic dispute, and to file all further materials pertaining to this same basic dispute in this case.  The Court further ordered defendant to respond to the subject complaint within 20 days.  As this Court did in two of plaintiff's related cases, this Court should dismiss

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

1  plaintiff's subject complaint with prejudice for failure to exhaust administrative remedies.

2  Alternatively, the Court may dismiss plaintiff's subject complaint with prejudice for failure to

3  state a claim because plaintiff is not entitled to benefit checks while he is incarcerated as a matter

4  of law.

5  ## FACTS

6  All of plaintiff's lawsuits involve an ongoing dispute between plaintiff and the Social

7  Security Administration (SSA) regarding returned checks.  Plaintiff claims that he is entitled to

8  checks that were returned to the SSA as undelivered.  The SSA claims that plaintiff received

9  checks to which he was not entitled because he was incarcerated.  The SSA determined that

10  plaintiff was overpaid $3,336.78 from his periods of ineligibility, but has decided to waive the

11  overpayment.  Declaration of Jacque Wolfe at paragraph 3.  Plaintiff's claim that he is entitled to

12  the returned checks is without merit.  Plaintiff is not entitled to the returned checks because he

13  was incarcerated during this period of time.  The Court, however, need not address the merits of

14  this case at this time, for plaintiff has not yet fully exhausted his administrative remedies.

15  Plaintiff's case is still pending with the SSA.  Plaintiff has requested a hearing before an

16  Administrative Law Judge.  That hearing is scheduled for June 24, 2008, and plaintiff has been

17  so informed in writing.  Declaration of Jacque Wolfe, Exhibit 2.

18  Plaintiff does not allege that he has exhausted said administrative remedies.  However, he

19  has submitted a letter from the SSA which seems to show that plaintiff cannot have a hearing

20  before an Administrative Law Judge until he is released from incarceration.  Given that

21  plaintiff's release from prison does not appear to be imminent, the SSA has reconsidered its

22  position and has agreed to provide plaintiff with an administrative hearing before an

23  Administrative Law Judge while he is still incarcerated, and appropriate arrangements have made

24  with the officials at Kern Valley State Prison, where plaintiff is currently incarcerated, for a

25  telephonic hearing.  Declaration of Jacque Wolfe, Exhibit 2.  Should the Administrative Law

26  Judge find against plaintiff, plaintiff would then have the right to appeal that adverse decision.

27

28

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

1   Until he has done these required things, he has not yet exhausted his administrative remedies.[1]

2                                    **ARGUMENT**

3           Dismissal is appropriate under Rule 12(b)(1) of the Federal Rules of Civil Procedure

4   when the Court lacks subject matter jurisdiction over the claim.  Federal subject matter

5   jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians

6   v. California Board of Equalization, 858 F.2d 1776, 1380 (9th Cir. 1989).  A Rule 12(b)(1)

7   motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or

8   allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint.  Thornhill

9   Publishing Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979);

10  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).  A federal court is presumed to lack

11  subject matter jurisdiction until the contrary affirmatively appears.  Stock West, Inc. v.

12  Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

13          On a motion to dismiss for lack of subject matter jurisdiction, the Court may look to

14  matters outside the scope of the pleadings in order to resolve a jurisdictional issue.  In resolving

15  the jurisdictional issue on a motion, the Court should apply the same standards that it would

16  apply to a motion for summary judgment, and Plaintiff's jurisdictional allegations are not

17  presumed truthful.  Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).

18          **1.      Plaintiff Has Not Exhausted Administrative Remedies for a Tort Claim.**

19          The federal government may only be sued where it has expressly waived its sovereign

20  immunity.  The FTCA constitutes a limited waiver of the United States' sovereign immunity for

21  claims that are based on the negligent or wrongful acts of the United States.  Yanez v. United

22  States, 63 F.3d 870, 872 (9th Cir. 1995).  The FTCA provides that the government may be sued

23  _____

24          [1]One of the purposes of the administrative hearing is to create a record, which will later
    assist this Court, should plaintiff file another complaint after he exhausts his administrative
25  remedies.  Accordingly, this office through agency counsel has requested that the Administrative
    Law Judge assigned to plaintiff's case address the following factual questions:  (1) When did
26  SSA send plaintiff the disputed checks?  (2) Was plaintiff incarcerated at such times?  (3) What
    happened to the returned checks?  (4) Is SSA entitled to an offset for any overpayment?  The
27  Administrative Law Judge has also been requested to address the legal issue raised by this
    lawsuit, i.e., is plaintiff entitled to benefit checks during periods of incarceration?
28

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

                                        4

for torts caused by the negligence or wrongful act or omission of any government employee

while acting within the course and scope of his or her employment.  28 U.S.C.A. § 1346(b)(1).

The District Courts have exclusive jurisdiction over such claims.  28 U.S.C. § 1346(b).

An administrative claim must be presented to the federal agency employing the person

whose act or omission caused the injury.  An action under the FTCA requires that the plaintiff

first exhaust his administrative remedies.  28 U.S.C. § 2675(a) provides in pertinent part:

> **(a)**  An action shall not be instituted upon a claim against the
> United States for money damages for injury or loss of property or
> personal injury or death caused by the negligent or wrongful act or
> omission of any employee of the Government while acting within
> the scope of his office or employment, unless the claimant shall
> have first presented the claim to the appropriate Federal agency and
> his claim shall have been finally denied by the agency in writing
> and sent by certified or registered mail.

28 U.S.C. § 2675(a).

"Section 2675(a) establishes explicit prerequisites to the filing of suit against the

Government in district court.  It admits of no exceptions."  Jerves v. U.S., 966 F.2d 517, 521 (9th

Cir. 1992).  Where a plaintiff has not exhausted the administrative claims procedure required

under the FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

McNeil v. United States, 508 U.S. 106 (1993).  "28 U.S.C. § 2675(a) specifies that a suit may not

be instituted against the United States unless it is first presented to the appropriate federal agency

and either finally denied or permitted to languish for six months without resolution.  This claim

requirement is jurisdictional in nature and may not be waived."  Spawr v. United States, 796 F.2d

279, 280 (9th Cir. 1986); see also Burns v. United States, 764 F.2d 722 , 723 (9th Cir. 1985)

If the claim is not presented before commencing suit, the suit must be dismissed even if

the claim is subsequently presented.  McNeil v. United States, 508 U.S. 106 (1993)

In the present case, plaintiff did not fully exhaust the administrative process with the

Social Security Administration prior to commencing this litigation, as required by the FTCA.

Thus, plaintiff has not met the jurisdictional requirements for a tort suit against the federal

government, and the United States has not waived its sovereign immunity as to plaintiff's

allegations concerning the Social Security Administration.  Because the claim procedure must be

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

1    exhausted prior to commencing a District Court action, this Court lacks subject matter

2    jurisdiction and should dismiss plaintiff's complaint without leave to amend.

3         **2.    Plaintiff Has Not Exhausted Administrative Remedies Regarding a**

4             **Challenge to a Social Security Benefits Decision.**

5         The doctrine of sovereign immunity bars all suits against the United States except where

6    there is an express statutory waiver of that immunity.  Lehman v. Nakshian, 453 U.S. 156, 160,

7    101 S.Ct. 2698, 2701(1981), quoting United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948,

8    953 (1976), quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941).

9         The Social Security Act (the Act) provides the sole jurisdictional basis for judicial review

10    of administrative actions concerning benefit claims, and judicial review is available only where

11    the Commissioner has issued a final decision after a hearing to which claimant is a party.

12    Schweiker v. Chilicky, 487 U.S. 412, 424, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).  Section 205

13    provides that:

14             (g) Any individual, after any final decision of the Commissioner of
                 Social Security made after a hearing to which he was a party,
15             irrespective of the amount in controversy, may obtain a review of
                 such decision by a civil action commenced within sixty days after
16             the mailing to him of notice of such decision or within such further
                 time as the Commissioner of Social Security may allow... As  part
17             of her answer, the [Commissioner] shall file a certified copy of the
                 transcript of the record including the evidence upon which the
18             findings and decision complained of are based.   * * *

19             (h) The findings and decision of the Commissioner of Social
                 Security after a hearing shall be binding upon all individuals who
20             were parties to such hearing.  No findings of fact or decision of the
                 Commissioner of Social Security shall be reviewed by any person,
21             tribunal, or governmental agency except as herein provided.  No
                 action against the United States, the Commissioner of Social
22             Security, or any officer or employee thereof shall be brought under
                 section 1331 or 1346 of Title 28 to recover on any claim arising
23             under this title.

24    42 U.S.C. §§405(g) and (h) (emphasis added).  The term "final decision" is undefined in the Act,

25    but "its meaning is left to the Secretary [Commissioner]  to flesh out by regulations."

26    Weinberger v. Salfi, 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).  Under the Act,

27    the authority to determine what constitutes a "final decision" ordinarily rests with the

28    Commissioner.  Mathews v. Eldridge, 424 U.S. 319, 330, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

To the extent that plaintiff is suing the United States because the Social Security Administration ("SSA") assessed overpayments of Supplemental Security Income ("SSI") disability benefits to plaintiff's account, plaintiff has not exhausted administrative remedies under the Social Security Act.  The SSA regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision.  20 C.F.R. § 416.1400(a).  If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding.  20 C.F.R. § 416.1405, 416.1421, 416.1455, and 416.1481.  Under the regulations, an individual assessed with an overpayment may request waiver of adjustment or recovery of an overpayment of SSI benefits.  20 C.F.R. § 416.550.  The claimant would then receive an initial determination.  20 C.F.R. § 416.1404.  If dissatisfied with this determination, the claimant may ask for reconsideration.  20 C.F.R. § 416.1407.  If dissatisfied with the reconsidered determination, the claimant may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. § 416.1429.  If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. § 416.1467.  The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or the Appeals Council may grant the request for review and issue its own decision.  20 C.F.R. § 416.1481.  It is only after the completion of this administrative process that the Plaintiff receives a "final decision of the Commissioner" which triggers the right to judicial review under the statute. 42 U.S.C. § 405(g).

Here, plaintiff failed to satisfy the jurisdictional prerequisite; thus, his overpayment claim is barred as a matter of law.  Plaintiff filed this action before his claim was heard by an ALJ and before his potential appeal was heard by the Appeals Council (in the event the ALJ finds against plaintiff). ____

### 3.    Plaintiff Is Not Entitled to Payment of Benefits During Incarceration

The premise of plaintiff's claim of right to payment of benefits is faulty at the outset.  Plaintiff alleges that the benefit checks are his property and he is entitled to them.  Plaintiff is mistaken.  Social Security benefits are statutory, not contractual, and thus may be altered or

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

1  eliminated at any time. Das v. Dept. of HHS, 17 F.3d 1250, 1256 (9th Cir. 1994), citing

2  Weinberger v. Salfi, 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975).

3         Here, Congress has elected to preclude payment of benefits to inmates, such as plaintiff.

4  The Social Security Act precludes the payment of Social Security benefits:

5         to any individual for any month during which such individual is confined in a jail,

6         prison, or other penal institution or correctional facility, pursuant to his conviction

7         of an offense which constituted a felony . . . .

8  42 U.S.C. § 402(x)(1); see also 20 C.F.R. § 404.468(a) (2007); Butler v. Apfel, 144 F.3d 622 (9th

9  Cir. 1998) (affirming the constitutionality of precluding payment of Social Security benefits to

10  inmates).   While Title II of the Social Security Act requires conviction for a felony, Title XVI,

11  which is the basis for the benefits plaintiff was receiving, contains no such limitation.  Title XVI

12  precludes payment of Social Security benefits "with respect to any month if throughout such

13  month he is an inmate of a public institution."  42 U.S.C. § 1382(e)(1)(A); see also 20 C.F.R. §§

14  416.201, 416.211, 416.1325 (2007).  It is clear that plaintiff is currently incarcerated, and thus is

15  not entitled to current payment of benefits.  The question of whether plaintiff was incarcerated at

16  the time the checks in question were paid is a question of fact that would be resolved by the

17  Commissioner upon exhaustion of administrative remedies, and thus should not be addressed

18  here:

19         The findings of the Commissioner of Social Security as to any fact, if supported

20         by substantial evidence, shall be conclusive, and where a claim has been denied

21         by the Commissioner of Social Security or a decision is rendered under subsection

22         (b) hereof which is adverse to an individual who was a party to the hearing before

23         the Commissioner of Social Security ... the court shall review only the question of

24         conformity with such regulations and the validity of such regulations.

25  42 U.S.C. § 405(g); see also  Schweiker v. Chilicky, 487 U.S. 412, 108 S. Ct. 2460, 2468-69,

26  101 L.Ed.2d 370 (1988).  All other bases for review are precluded.  42 U.S.C. § 405(h).

27         The Social Security Administration receives inmate records from Federal, State and local

28  correctional and mental health facilities/institutions on an ongoing basis.  When this program

DEFENDANT'S MOTION TO DISMISS

C 07-5085  RS

1   operates correctly, the Social Security Administration is notified when a beneficiary is

2   incarcerated or otherwise becomes an inmate of such a facility so that the Agency can suspend or

3   terminate benefits in accordance with the Social Security Act.  If benefits are, nonetheless, paid

4   to an incarcerated individual, based on the preclusion against such payments, the individual is not

5   entitled to those benefits, and the Agency makes an initial determination of overpayment of

6   benefits.  See 20 C.F.R. §§ 416.535, 416.537-538 (2007).

7          Normally, the Agency is required to seek recovery of overpayments, however the

8   overpayment may be waived when the beneficiary was not at fault for causing the overpayment,

9   or if recovery would be against equity and good conscience.  20 C.F.R. §§ 416.550, 416.552,

10  416.554 (2007).  Normally, an overpayment caused by a beneficiary's failure to inform the

11  Agency that he is incarcerated would not be waived inasmuch as beneficiaries are required to

12  notify the Commissioner of such changes.  20 C.F.R. §§ 416.201, 416.552(a), 416.708 (2007).

13  Nonetheless, in this case, the overpayment was waived inasmuch as the checks were returned to

14  Treasury.  Waiver of an overpayment is not an admission by the Agency that the beneficiary was

15  actually entitled to the payment.  Indeed, if that was the case, the request for reconsideration

16  would have been granted – it was not.  The waiver applied only to *adjustment or recovery* of the

17  overpayment ("[w]aiver of adjustment or recovery of an overpayment from the overpaid person

18  himself (or, after his death, from his estate) frees him and his eligible spouse from the obligation

19  to repay the amount of the overpayment covered by the waiver. ").  20 C.F.R. § 416.551 (2007).

20  If plaintiff was incarcerated at the time the checks were paid, the Agency is *precluded*, by law,

21  from reissuing them, *regardless* of the waiver of overpayment.  Thus, reissuance of the checks is

22  not a possibility unless plaintiff can somehow show that he was not incarcerated when they were

23  issued.  During a hearing before an ALJ, he can fully adjudicate the issue of whether the

24  overpayment was proper, and whether he was due those particular checks.  Again, inasmuch as

25  that issue is still before the Commissioner and plaintiff has not yet exhausted his administrative

26  remedies in this regard, this Court has no jurisdiction to address it and should dismiss plaintiff's

27  complaint with prejudice.

28

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

1    **4.      Plaintiff is not Entitled to Payment of Benefits Pending a Hearing on the**

2    **overpayment.**

3    Plaintiff does not have a due process to receive benefit checks pending a hearing on the

4    overpayment.

5    The Social Security Act clearly precludes payment of benefits during any full month of

6    incarceration.  Furthermore, the Commissioner's regulations specify that:

7    (a) ... a recipient is ineligible for benefits for the first full calendar month in which

8    he or she is a resident of a public institution (as defined in §416.201) throughout

9    the calendar month (as defined in §416.211(a)), and payments are suspended

10   effective with such first full month. Such ineligibility continues for so long as

11   such individual remains a resident of a public institution.

12   (b) *Resumption of payments.* If benefits are otherwise payable, they will be

13   resumed effective with the earliest day of the month in which a recipient is no

14   longer a resident of a public institution. See §416.421. A transfer from one public

15   institution to another or a temporary absence from the institution lasting 14 days

16   or less, however, will not change his or her status as a resident, and the suspension

17   will continue.

18   20 C.F.R. § 416.1325 (2007).

19   The Supreme Court has held that pre-termination evidentiary hearings were necessary in

20   certain welfare cases.  Goldberg v. Kelley, 397 U.S. 254, 90 S. Ct. 1011, 25 L.Ed.2d. 287 (1970).

21   Goldberg, however, sets out a standard for evaluating due process questions that, when applied,

22   demonstrates that plaintiff was not denied his due process rights when the checks were not

23   reissued pending a hearing.

24   In Goldberg, the Court found it determinative that:

25   a welfare recipient is destitute, without funds or assets . . . . The extent to which

26   procedural due process must be afforded the recipient is influenced by the extent

27   to which he may be condemned to suffer grievous loss.

28   Thus the crucial factor in this context – a factor not present in the case of

DEFENDANT'S MOTION TO DISMISS

C 07-5085  RS

the blacklisted government contractor, the discharged government employee, the

taxpayer denied a tax exemption, or virtually anyone else whose governmental

entitlements are ended– is that termination of aid pending resolution of a

controversy over eligibility may deprive an eligible recipient of the very means by

which to live while he waits.  Since he lacks independent resources, his situation

becomes immediately desperate.

Goldberg v. Kelley, 397 U.S. at 261-264 (original emphasis).  Here, as Congress noted in 1980

when discussing a this provision of the Act, the prisoner's needs are completely satisfied by the

prison system, and funded by the taxpayers.  Thus, the single most important factor in Goldberg

which directed a pre-termination evidentiary hearing– need – is not present here.  Plaintiff's

every need will continue to be met by the taxpayers through the state prison system, despite the

suspension of his social security benefits.

Of course, the Supreme Court went on, in Mathews v. Eldrige, 424 U.S. 319, 326, 96 S.

Ct. 893, 898, 47 L.Ed.2d 18 (1976), to note that the right to procedural due process is not limited

to situations in which poverty is involved.  The Court also held in Eldrige, however, that where

the individual has

access to private resources, [and] other forms of government assistance, . . . there

is less reason here than in Goldberg to depart from the ordinary principle,

established by our decisions, that something less than an evidentiary hearing is

sufficient prior to adverse administrative action.

Mathews v. Eldrige, 424 U.S. at 342-343.

There is one other, very fundamental difference between Goldberg, Eldrige, and the case

at bar.  As the Court goes on to discuss in Eldrige, another factor to consider when reviewing

issues of procedural due process, is "the fairness and reliability of the existing pre-termination

procedures, and the probable value, if any, of additional procedural safeguards."  Id. at 343.  In

other words, the question is whether additional procedures or hearings have produced a different

result.  Here, the answer is a resounding "no."

The goal of a due process procedure is not to delay the inevitable, it cannot be an exercise

DEFENDANT'S MOTION TO DISMISS

C 07-5085  RS

1   in futility.  The goal of any due process analysis is to prevent mistakes.  In this context, the goal
2   must be to make sure that benefits are not erroneously denied to an eligible and entitled
3   individual.  Here, however, due to an operation of law, plaintiff is no longer eligible for the
4   receipt of benefits, and there are no facts, save plaintiff's immediate release from prison, that
5   would have yielded a different result.

6           **5.      This Court Has No Jurisdiction to Consider Plaintiff's Allegations**

7           Commissioner also has evidence to show that the checks returned that were part of an
8   overpayment determination were for a period of time during which plaintiff was incarcerated.
9   However, this Court's authority with respect to the routine processing of Social Security benefits
10  is limited.  The Social Security Act limits the courts' scope of review to the Commissioner's
11  final decision, the evidence of the administrative transcript on which the decision was based, and
12  the pleadings.  Russell v. Bowen, 856 F.2d 81, 84 (9th Cir. 1988) (citing 42 U.S.C. § 405(g)).
13  Courts are not fact-finders in Social Security cases.  This Court does not have jurisdiction to hear
14  this matter de novo nor may the Court receive and consider or review extra-record evidence.

15          The Social Security Act bars peremptory judicial intervention in routine benefit claims
16  processing.  The sole jurisdictional basis for review of administrative actions concerning claims
17  for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. and 1381
18  et seq., is set forth in 42 U.S.C. § 405(g) (applicable to SSI claims pursuant to 42 U.S.C.
19  § 1383(c)(e)).  That section provides the judicial review only of a "final decision" of the
20  Commissioner made after a hearing to which the plaintiff was a party.  Only final decisions of the
21  Commissioner are subject to judicial review.  Schweiker v. Chilicky, 487 U.S. at 444-45; Cassim
22  v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987); 42 U.S.C. § 405(g).  All other avenues of review
23  are foreclosed by 42 U.S.C. § 405(h).  Id.

24          A final decision is one in which a claimant has exhausted his or her administrative
25  remedies.  Cassim v. Bowen, 824 F.2d at 794; 42 U.S.C. § 405(g).  A claimant must exhaust all
26  administrative remedies before bringing an action in federal court even if the administrative
27  process is slow and tedious.  See Hironymous v. Bowen, 800 F.2d 888, 893-94 (9th Cir. 1986);
28  Califano v. Sanders, 430 U.S. 99, 104 (1977); Heckler v. Day, 467 U.S. 104, 110-11 (1984)

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

(although the "unusually protective [multi]-step process for the review and adjudication of disputed claims," can be tedious, Congress declined to set deadlines on the administrative process). Furthermore, the Agency is in the best position to do fact-finding:

> the exhaustion requirement allows the agency to compile a detailed factual record and apply agency expertise in administering its own regulations. The requirement also conserves judicial resources. The agency will correct its own errors through administrative review.

Kildare v. Saenz, 325 F.3d 1078, 1083-84 (9th Cir. 2003).

Finally, as a part of his complaint, plaintiff must allege that he has exhausted his administrative remedies as a basis for judicial jurisdiction. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983). Here, plaintiff admits that he has not exhausted his administrative remedies inasmuch as he has not received a hearing.

Inasmuch as plaintiff was not entitled to the benefits which he seeks, they do not belong to him and need not, indeed *cannot* be repaid. Because he seeks repayment of benefits to which he is not entitled, it could be argued that plaintiff has failed to state a claim upon which relief may be granted. Nonetheless, because plaintiff has failed to exhaust his administrative remedies under the Social Security Act, this Court has no jurisdiction to consider plaintiff's complaint.

DEFENDANT'S MOTION TO DISMISS
C 07-5085 RS

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint with prejudice should be granted.

Respectfully submitted,

Dated: June 2, 2008

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Chief, Civil Division
JAMES A. SCHARF
Assistant United States Attorney
DONNA WADE ANDERSON
Special Assistant U.S. Attorney
United States Social Security Administration


By:_____/S/_____
JAMES A. SCHARF
Assistant United States Attorney
Attorney for Defendants

DEFENDANT'S MOTION TO DISMISS
C 07-5085  RS

# Declaration of Jacque Wolfe

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

    Plaintiff,

    v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

No. C 07-5085 RS

**DECLARATION OF
JACQUE WOLFE**

I, JACQUE WOLFE, declare and state as follows:

1.    I am a Group Supervisor in the Sacramento hearing office of the Office of Disability Adjudication and Review, Social Security Administration (SSA).

2.    My official duties include directing support staff in fully developing cases and scheduling hearings for the Administrative Law Judges in our office. I am also responsible for scheduling Plaintiff's administrative hearing and researching the issues for hearing.

3.    I have reviewed the SSA's records in connection with the Plaintiff's request for a hearing before an Administrative Law Judge. To the best of my knowledge and belief, the SSA's records show that:

    (a)    Plaintiff was found to have been overpaid Supplemental Security Income benefits because he received such benefits when he was not eligible for them (see Exhibit 1).

    (b)    The amount of the overpayment was $3,336.78 (see Exhibit 1).

    (c)    By notice dated July 27, 2007, SSA informed Plaintiff that he did not have to pay back the overpayment (Exhibit 1). The notice also informed Plaintiff of his right to have an administrative hearing (Exhibit 1).

4.    I am in the process of scheduling an administrative hearing for the Plaintiff. The SSA's records indicated that the Plaintiff was incarcerated in Folsom State Prison. On May 2, 2008, we contacted Folsom State Prison to schedule a hearing for the Plaintiff and were informed that he had been transferred to Kern Valley State Prison in Delano, California. On May 8, 2008, I spoke with the

1

Litigation Coordinator's office in Kern Valley State Prison. The Litigation Coordinator's office confirmed that the Plaintiff is incarcerated there and stated that our office can schedule a telephone hearing for the Plaintiff. The Litigation Coordinator's office stated that, once a hearing is scheduled for the Plaintiff, they will make sure that the Plaintiff calls the Administrative Law Judge on the scheduled date and time, so that he can take part in his hearing telephonically. On May 23, 2008, a Notice of Hearing was sent to the Plaintiff informing him of the date and time for his hearing before an Administrative Law Judge (Exhibit 2). A copy of the Notice of Hearing was sent to the Litigation Coordinator at Kern Valley State Prison so that they can assure the Plaintiff's appearance via telephone at the hearing.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Sacramento, California on May 27, 2008.

JACQUE WOLFE
Social Security Administration

# Exhibit 1

# Social Security Administration
## Supplemental Security Income
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: 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
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02. *I am requesting These checks be forwarded to my address* However, there was an outstanding SSI overpayment in the amount of $3336.78 *stated* due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and *abate.* 12/02.

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

## If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing. *I would like a Hearing.*

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

See Next Page    EXHIBIT 6 PAGE 3

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                                          Page 2 of 3

- You must have a good reason if you wait more than 60 days to ask for a hearing.

- You have to ask for a hearing in writing. We will ask you to sign a form HA-501-U5, called "Request for Hearing." Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to an Administrative Law Judge Hearing and Appeals Council Review of Your Social Security Case." It contains more information about the hearing. *I would like THE form for Requesting a hearing.*

## How The Hearing Process Works

The ALJ will mail you a letter at least 20 days before the hearing to tell you its date, time and place. The letter will explain the law in your case and tell you what has to be decided. Since the ALJ will review all the facts in your case, it is important that you give us any new facts as soon as you can.

The hearing is your chance to tell the ALJ why you disagree with the decision in your case. You can give the ALJ new evidence and bring people to testify for you. The ALJ also can require people to bring important papers to your hearing and give facts about your case. You can question these people at your hearing.

## It Is Important To Go To The Hearing

It is very important that you go to the hearing. If for any reason you can't go, contact the ALJ as soon as possible before the hearing and explain why. The ALJ will reschedule the hearing if you have a good reason.

If you don't go to the hearing and don't have a good reason for not going, the ALJ may dismiss your request for a hearing.

## If You Want Help With Your Hearing

You can have a friend, representative or someone else help you. There are groups that can help you find a representative or give you free legal services if you qualify. There also are representatives who do not charge unless you win your appeal. Your Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

### If You Have Any Questions

For general information about SSI, visit our website at www.socialsecurity.gov on the Internet. You will find the law and regulations about SSI eligibility and SSI payment amounts at www.socialsecurity.gov/SSIrules/.

For general questions about SSI or specific questions about your case, you may call us toll-free at 1-800-772-1213 or call your local Social Security office at (408) 292-8900. If you call or visit our office, please bring this letter with you and ask for SSI Claims Rep..

If you plan to visit an office you may call ahead to make an appointment. This will help us serve you more quickly.

*Carolyn Goodwin*

Carolyn Goodwin
Field Office Manager

# Exhibit 2

**SOCIAL SECURITY ADMINISTRATION**

Refer To:
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
Michael C Cook

Office of Disability Adjudication and Review
Suite 200
2031 Howe Avenue
Sacramento, CA 95825-0178
Tel: (866)321-8793, ext 50257
Fax: (916)925-5014

May 23, 2008

Michael C Cook
#T79529
Kern Valley State Prison
Po Box 6000
Delano, CA 93216-6000

## NOTICE OF TELECONFERENCE HEARING

I have scheduled your hearing for:

| **Day:** | Tuesday | **Date:** | June 24, 2008 | **Time:** | 9:30 AM Pacific (PT) |
|---|---|---|---|---|---|

| **Room:** | Counselor's Office | **Address:** | Kern Valley State Prison 3000 West Cecil Avenue Delano, CA  93216 | | |

**It Is Important That You Come To Your Hearing**

I have set aside this time to hear your case.  If you do not appear at the hearing and I do not find that you have good cause for failing to appear, I may **dismiss** your request for hearing.  I may do so without giving you further notice.

**Complete The Enclosed Form**

Please complete and return the enclosed acknowledgment form to let me know you received this notice.  Use the enclosed envelope to return the form to me within five days of the date you receive this notice.  We assume you got this notice five days after the date on it unless you show us that you did not get it within the five-day period.

**If You Cannot Come to Your Scheduled Hearing**

If you cannot come to your hearing at the time and place I have set, call this office immediately.  Also mail in the form right away.

If you object to the set time and place, but do not request a change at the earliest possible opportunity at which you could do so before the time set for the hearing, I will rule on your request based on our standards for deciding if there is a good reason for not timely filing a request and our standards for deciding if there is a good reason for changing the time and place of a scheduled hearing.  I will apply these standards in considering any objection to the set time and place that is not timely submitted.

To request a change, you must state why you object to the time or place set.  You also must state the time and place you want the hearing held.  You must do this in writing.

If I find you have a good reason, I will reschedule the hearing for a time and place I set.  I will also mail you another notice at least 20 days before the date of the hearing.

**Travel Costs**

When you, a representative, or needed witnesses will travel more than 75 miles one way to the hearing, we can pay certain travel costs.  I am enclosing a sheet telling about our rules for doing that.  Please call me if you want more information.

**You May Choose To Have A Person Represent You**

If you want to have a representative, please get one right away.  You should show this notice to anyone you may appoint.  You or that person should also call this office to give us his or her name, address, and telephone number.

**Issues I Will Consider In Your Case**

The hearing concerns your request for a hearing filed on August 24, 2007.

The specific issue to be determined is whether or not you are entitled to receive Title XVI (SSI) benefits for the following months/years:  10/01, 11/01, 12/01, 02/02, 10/02, 11/02, 12/02 and 01/03.

**If You Have Objections**

If you object to the issues I have stated, or to any other aspect of the scheduled hearing, you must tell me in writing why you object.  You must do this at the earliest possible opportunity before the hearing.

**You May Submit Additional Evidence And Review Your File**

If there is more evidence you want to submit, get it to me right away. If you cannot get the evidence to me before the hearing, bring it to the hearing. If you want to see your file before the date of the hearing, call this office.

**Your Right To Request a Subpoena**

I may issue a subpoena that requires a person to submit documents or testify at your hearing. I will issue a subpoena if it is reasonably necessary for the full presentation of your case.

If you want me to issue a subpoena, you must submit a written request. You should submit the request as soon as possible before the hearing. The request must identify the needed documents or witnesses and their location, state the important facts the document or witness is expected to prove, and indicate why you cannot prove these facts without a subpoena.

**What Happens At The Hearing**

- You may review your file. If you wish to do so, please arrive 30 minutes before the time set for the hearing. Call us if you want more time.

- You will have a chance to testify and tell me about your case.

- You (and your representative) may submit documents, present and question witnesses, state your case, and present written statements about the facts and law.

- I will question you and any other witnesses about the issues. You and any other witnesses must normally testify under oath or affirmation.

- We will make an audio recording of the hearing.

**My Decision**

After the hearing, I will issue a written decision explaining my findings of fact and conclusions of law. I will base my decision on all the evidence of record, including the testimony at the hearing. I will mail a copy of the decision to you.

Michael C Cook (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)                                                          Page 4 of 4

**If You Have Any Questions**

If you have any questions, please call or write this office. Our telephone number and address are shown on the first page of this notice.


                                                    Robert C. Tronvig, Jr.
                                                    Administrative Law Judge

Enclosures

## When we can pay travel expenses

If you must travel more than 75 miles one way from your home or office to attend the hearing, we can pay certain costs. Here are the rules that apply:

- We can pay your transportation expenses such as the cost of a bus ticket or expenses for driving your car.

- In certain circumstances, you may need meals, lodging, or taxicabs. The Administrative Law Judge (ALJ) must approve these special travel costs **before the hearing unless** the costs were unexpected and unavoidable.

- The ALJ may also approve payment of similar travel expenses for your representative and any witnesses he or she determines are needed at the hearing.

- You must submit a written request for payment of travel expenses to the ALJ at the time of the hearing or as soon as possible after the hearing. List what you spent and include supporting receipts. If you requested a change in the scheduled location of the hearing to a location farther from your residence, we cannot pay you for any **additional** travel expenses.

- If you need money for travel costs in advance, you should tell the ALJ as soon as possible **before the hearing**. We can make an advance payment only if you show that without it you would not have the funds to travel to or from the hearing.

- If you receive travel money in advance, you must give the ALJ an itemized list of your actual travel costs and receipts within 20 days after your hearing.

- If we gave you an advance payment that is more than the amount you are due for travel costs, you must pay back the difference within 20 days after we tell you how much you owe us.

Form Approved
OMB NO. 0960-0671

# ACKNOWLEDGEMENT OF RECEIPT (NOTICE OF HEARING)
(COMPLETE THIS FORM AND RETURN IT AT ONCE IN THE ENVELOPE PROVIDED.  NO POSTAGE IS NECESSARY)

Claimant: Michael C Cook                                    Social Security Number: 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

Wage Earner:                                               Hearing Office: Sacramento
                                                           ALJ: Robert C. Tronvig, Jr.

Telephone Conference Hearing Scheduled: Tuesday, June 24, 2008 at 9:30 AM Pacific (PT)

Location of Hearing:

      Kern Valley State Prison
      3000 West Cecil Avenue
      Delano, CA  93216

(Check only one item below)

[ ]  **I will be present at the time and place shown on the Notice of Hearing.**  If an emergency arises after I mail this form and I cannot be present, I will immediately notify you at the telephone number shown on the Notice of Hearing.

[ ]  **I cannot be present at the time and place shown on the Notice of Hearing.**  I request that you reschedule my hearing because:

_____

_____
(Use space below for additional remarks)

NOTE: YOUR REQUEST FOR HEARING MAY BE DISMISSED IF YOU DO NOT ATTEND THE HEARING AND CANNOT GIVE A GOOD REASON FOR NOT ATTENDING.  THE TIME OR PLACE OF THE HEARING WILL BE CHANGED IF YOU HAVE A GOOD REASON FOR YOUR REQUEST.

Signature: _____  Date: _____  Phone: _____

I have recently moved.  My new address is:

_____

**Privacy Act Notice** The Social Security Act (sections 205(a), 702, 1631(e)(1)(A) and (B), and 1869((b)(1) and (c), as appropriate) authorizes the collection of information on this form.  We need the information to continue processing your claim.  You do not have to give it, but if you do not you may not be able to receive benefits under the Social Security Act.  We may give out the information on this form without your written consent if we need to get more information to decide if you are eligible for benefits or if a federal law requires us to do so.  Specifically, we may provide information to another Federal, State, or local government agency which is deciding your eligibility for a government benefit or program; to the President or a Congressman inquiring on your behalf; to an independent party who needs statistical information for a research paper or audit report on a Social Security program; or the Department of Justice to represent the Federal Government in a court suit related to a program administered by the Social Security Administration.

**Computer Matching Notice:** We may also use the information you give us when we match records by computer.  Matching programs compare our records with those of other Federal, State, or local government agencies.  Many agencies may use matching programs to find or prove that a person qualifies for benefits paid by the federal government.  The law allows us to do this even if you do not agree to it.

**Paperwork Reduction Act Statement -** This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995.  You do not need to answer these questions unless we display a valid Office of Management and Budget control number.  We estimate that it will take about 1 minute to read the instructions, gather the facts, and answer the questions.  *You may send comments on our time estimate above to: SSA, 1338 Annex Building, Baltimore, MD 21235-0001.  Send **only** comments relating to our time estimate to this address, not the completed form.*
Form **HA 504** (09-2003) ef (10-2004)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers.  The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**MICHAEL COOK v. UNITED STATES OF AMERICA**
**NO: C 07-05085 RS;**

to be served this date upon the party(ies) as follows:

√____**FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____**CERTIFIED MAIL** (#) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____**PERSONAL SERVICE (BY MESSENGER)**

____**FACSIMILE (FAX)** Telephone No.: _____

____**FEDERAL EXPRESS**

___**HAND-DELIVERED**

to the parties addressed as follows:

Michael C. Cook
#T79529
Kern Valley State Prison
PO Box 6000
Delano, CA  93216-6000

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this 2nd day of June 2008, at San Jose, California.

/s/ *Mimi Lam*
_____
Mimi Lam
Legal Assistant