and delivery, Summary Judgement, Motion Oppose Defendant Motion to Dismiss

FILED
2008 JUN 12 P 3:03
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

In the U.S District Court for the northern district of California

Cook
vs
United State of America

CASE NO C07-5085

Judge Hon. Richard Seeborg.
Court U.S District #5 4th Floor
Location San Jose CA.

1. Plaintiff Michael Cook brings the following complaint against the defendant the United States of America, expressing that Plaintiffs Due Process rights are being violated.

2. Plaintiff Michael Cook was issued SSI benefit checks during the Months and years of Oct, Nov, Dec, 2001. Oct, Nov, Dec, 2002 and Jan. 2003. These checks were returned to sender neither negotiated or indorsed back to the defendant. The defendant has acknowledged that these checks were infact returned, but has refused to forward these checks to Plaintiff Current address he resides, after Plaintiff have made numerous requests for the defendant to do so. The defendant is at the time stating a Claim of defense to the Checks, but is acting in unabitrational, as a notice of overpayment was initially issued, then amended with out Plaintiff Consent. The amendment lawfuly made the Checks that were issued, legal Payments due, to Plaintiff. Once Plaintiff Made a request to have these legaly Paid, Payments forwarded to

Defendant, has then once again stated a claim of defense to the checks. Plaintiff is now expressing to the Court that this claim of defense is being made arbitrarily, as a reciepient of aadage, or disability SSI payments, have a right to recieve adequate notice of recoupment, plainly and clearly communicated. The initial notice that was issued November, 20, 2002, was in accordance with Due Process regulations. (Please review initial exhibits filed with this related Case C07-5085) The Second notice is <u>not</u> in accordance with Due Process regulations. The notice does not give Plaintiff oppertunity to request waiver of recovery, or the oppertunity to request a hearing on the issue of a stated overpayment, does not stay recoupment pending outcome of hearing (See Elliot v Wienberger Fed 2d 1219 (C.A. 9 Hawaii 1977)

Plaintiff would like to present to the Court that Due Process requires a hearing of some kind prior to recovery of any payment made legaly or illegaly, as Social Security reciepients in there old age or disability benefits, is a Statutory entitlement therefor constituting a property interest that commands due Process protection. Plaintiff would also like to include that the Defendant refuses to comply with Social Security regulations in the aspect of any recovery being stayed until administrative review process is completed. As once a Plaintiff (claimant) requested a waiver of recovery Due Process requires all recoupment procedures to be stayed.

As once these checks were issued Plaintiff became Sole owner of these checks by the checks being assigned to Plaintiff, he also acquired a Securities interest, also a Property interest in the checks. He also is the holder in due course, also the title holder. Plaintiff at the time has Constructive Possession of the checks, and has an absolute right to the actual possesion of these checks, due to the checks simply being returned to Sender, not indorsed or negotiated. The fact that the Payments were returned to the defendants Possesion, does not deteriorate Plaintiffs ownership, also does not qualifie as a legal transfer of the Property. It is now Plaintiffs request that the court order the defendant to forward all checks that were returned, to Plaintiff at the current address he resides, as all attempts at Exhausting administrative remidies have been constantly refused, after filing two actions for the defendants Compliance. The Plaintiff is expressing Financial hardship in filing numerous actions in which the defendant has constantly agreed to act abitrarily, then has refused to follow its agreement. We pray this Sincerley.

Respectfully Submitted by

Michael Cook

I Michael Cook hereby swear by the penalty of perjury that the forgoing is true and correct and can hereby testifie to this if called upon to do so.

Executed this ___ of May 2008

Signature /s/ Michael Cook

*exhibit # 1*

*This exhibit demonstrates the Original Notice of overpayment, that was in accordance with due process of law.*

Social Security Administration
Supplemental Security Income
# Notice of Overpayment

280 S. First street Romm 244
San Jose, CA 95113
Phone: (408) 535-5257
FAX:   (408) 535-5260
Office Hours: 9 AM - 4 PM

November 20, 2002
Claim Number: ███ 3056

*772 1213*
*408 292 8900*

MICHAEL C COOK
546 W JULIAN ST
SAN JOSE CA 95110

Dear Mr Cook:

We are writing to let you know we have paid you $2,768.44 too much Supplemental Security Income (SSI) money. The overpayment happened between October 2001 and May 2002.

YOU WERE OVERPAID DUE TO YOUR INCARCERATION FOR ABOVE PERIOD.

Later in this letter, we'll give you a detailed explanation of your overpayment.

You must pay us back unless we decide you shouldn't have to pay us back or we're wrong about the overpayment. If you think you shouldn't have to pay us back or you disagree with the decision about the overpayment, you can:

o       Ask for a waiver,

o       Ask for an appeal, or

o       Do both.

This letter will tell you more about these things you can do.

SSA-L8170                                                                                    Page 1

**If We Don't Hear From You In The Next 30 Days**

We plan to collect this overpayment from your SSI checks.

If you ask for waiver or appeal in the next 30 days, we won't change your check until we decide the case.

**If You Think You Shouldn't Have To Pay Us Back**

You may not have to pay us back. Sometimes we can waive the collection of an payment, which means you won't have to pay us back. For us to waive the collection of your overpayment, two things have to be true:

o    It wasn't your fault that you got too much SSI money.

<u>AND</u>

o    Paying us back would mean you can't pay your bills for food, clothing, housing, medical care, or other necessary expenses<u>, or it would be unfair for some other reason.</u>

If you think these are true about you, contact any Social Security office.

You can ask for a waiver at any time by completing the waiver form and returning it to us. The form is called Request for Waiver of Recovery or Repayment Rate, Form SSA-632. We will be happy to help you fill out the form. <u>If you ask for waiver in the next 30 days, we will not withhold your payments until we decide if we can waive collection.</u> If you ask for waiver after that time, we will stop collecting the overpayment while we decide if we can waive collection.

**If You Disagree With The Decision**

If you disagree with the decision, you have the right to appeal. We will review the case and look at any new facts you have.

o    You have 60 days to ask for an appeal. <u>If you ask in the next 30 days, we won't change your check until we decide the case.</u>

o    Both the 30-day and the 60-day periods start the day after you get this letter. <u>We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.</u>

SSA-L8170

Page 2

- o   You must have a good reason for waiting more than 60 days to ask for an appeal.

- o   To appeal, you must fill out a form called "Request for Reconsideration." The form number is SSA-561. To get this form, contact one of our offices. We can help you fill out the form.

**How To Appeal**

There are three ways to appeal. You can pick the one you want. If you meet with us in person, it may help us decide your case.

- o   <u>Case Review</u>. You have a right to review the facts in your file. You can give us more facts to add to your file. Then we will decide your case again. You won't meet with the person who decides your case.

- o   <u>Informal Conference</u>. You'll meet with the person who decides your case. You can tell that person why you think you're right. You can give us more facts to help prove you're right. You can bring other people to help explain your case.

- o   <u>Formal Conference</u>. This is a meeting like an informal conference. The difference is we can make people come to help prove you're right. We can make them bring important papers about your case, even if they don't want to help you. You can question these people at your meeting.

**If You Want Help With your Appeal**

You can have a friend, lawyer or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. We have a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

**How To Pay Us Back**

There are two ways you can pay us back:

o   As we said earlier, we plan to hold back money from your SSI check. We'll hold back $75.00 each month beginning February 2003 until the overpayment is paid back. This is not more than 10 percent of your total income. Ten percent is the most we can hold back without your consent. Contact us if you want a different amount held back.

OR

o   Another way to pay us back is to send us a check or money order for the full amount of your overpayment of $2,768.44 . Paying us this way is voluntary. Make the check or money order out to the Social Security Administration. Be sure to put your Social Security number on it. Please use the enclosed envelope to mail the check or money order to us. Also, be sure to enclose the payment stub with your check or money order.

**If You Have Any Questions**

If you have any questions, you should call, write or visit any Social Security office. If you call or visit our office, please have this letter with you and ask for Any SSI Claims Rep. The telephone number is (408) 535-535-5257. We can answer most questions over the phone.

Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly.

                                                        Jacob Perez  
                                                        District Manager

Enclosure(s):  
Detailed Explanation of Overpayment  
Payment Stub  
Refund Envelope

*— Clarification —*

# Social Security Administration
## Supplemental Security Income
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: ███-██-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

*This exhibit demonstrates a notice not in accordance with Due Process of law, in the aspect of payments not being DUE plaintiff*

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02. *You were not due any of the above cks due to incarceration* However, there was an *still* outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02. *— Credited back to treasury*

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

**If You Disagree With The Decision** *appeal dismissed — no longer issue since OP already waived — Zero Overpayment balance —*

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

*It states right in this section that I have a right to request a hearing*

See Next Page

**SOCIAL SECURITY ADMINISTRATION**

Refer To:
█████305█
Michael C Cook

Office of Disability Adjudication and Review
Suite 200
2031 Howe Avenue
Sacramento, CA 95825-0178
Tel: (866)321-8793 / Fax: (916)925-5014

January 23, 2008

*[handwritten: This exhibit #3 demonstrates incompliance with agreed above previous order of the Court.]*

Michael C Cook
CSP Sacramento, CDC#T79529
P O Box 290066
Represa, CA 95671

Dear Mr. Cook:

This is to inform you that we will schedule you for a hearing before an administrative law judge once you are released from incarceration. As soon as you are released and know where you will be residing, you are to contact our office immediately at the address shown above. You may also call this office with the information at (866) 321-8793. It is your responsibility to keep this office fully informed of your whereabouts. Therefore, if you should be moved to another facility and/or are released, contact this office immediately. Be sure you include your social security number on all correspondence and an address and phone number where you can be contacted if necessary. Your cooperation is greatly appreciated.

Sincerely yours,


Administrative Law Judge

Plaintiff's name: Michael Code

vs.

United States of America

Defendant's name:

_____ /

Case Number: C 07-5085

PROOF OF SERVICE

I, the undersigned, hereby certify that I am over the age of eighteen years and ___ a party to the above-entitled action.

On JUNE 9, 2008, I served a copy of Motion for Claim and delivery, Summary of Judgement, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the United States Mail:

(LIST ALL DEFENDANTS SERVED IN THIS ACTION)

James A Scharf
U.S Department of Justice United States Attorney Northern District of California
150 Almaden Blvd 9th Floor San Jose CA 95115

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signed)