**United States District Court**
For the Northern District of California

1

2

3                                          **\*E-FILED 6/24/08\***

4

5

6              IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                        SAN JOSE DIVISION

9    MICHAEL COOK,                        NO. C 07-5085 RS

10              Plaintiff,               **ORDER GRANTING**
                                          **DEFENDANT'S MOTION TO**
11        v.                              **DISMISS**

12   SOCIAL SECURITY ADMINISTRATION,

13              Defendant.

14   _____/

15

16       Plaintiff Michael Cook has filed numerous actions regarding his contention that he is entitled

17   to recover certain Supplemental Social Security Income checks that allegedly were mailed to him,

18   but that he contends he never received.  Defendant, the Social Security Administration ("SSA"),

19   moves for dismissal of Cook's complaint pursuant to Rules 12(b)(1), or alternatively, 12(b)(6) of the

20   Federal Rules of Civil Procedure.  The SSA claims that this Court lacks subject matter jurisdiction

21   because Cook failed to exhaust his administrative remedies.  As previously ordered, all motions in

22   this action are deemed submitted for disposition without oral argument pursuant to Civil Local Rule

23   7-1(b).

24       Under Rule 12(b)(1), subject matter jurisdiction must exist at the time Cook files his

25   complaint.  *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376,

26   1380 (9th Cir. 1988).  "If jurisdiction is lacking at the outset, the district court has no power to do

27   anything with the case except dismiss."  *Id*. (citation and quotation omitted).  To obtain a judicially

28   reviewable final decision, a claimant must complete the SSA's administrative review process.  *See*

1

20 C.F.R. § 416.1400.  The third stage of the SSA's administrative review process is a hearing before an administrative law judge ("ALJ").  *Id.*, § 416.1400(a)(3).  If the claimant is dissatisfied with the ALJ's decision, the claimant may request that the Appeals Council review the decision.  *Id.*, § 416.1400(a)(4).  If the claimant is dissatisfied with the Appeals Council's final decision, the claimant may then request judicial review in federal court.  *Id.*, § 416.1400(a)(5).  Here, Cook's case is still pending before the SSA, and he has a hearing before an ALJ on June 24, 2008.  Cook has not exhausted his administrative remedies.[1]  Accordingly, the motion to dismiss for lack of subject matter jurisdiction is granted.  Cook's complaint is dismissed without prejudice.[2]

IT IS SO ORDERED.

Dated: June 24, 2008

RICHARD SEEBORG
United States Magistrate Judge

---

[1]    On January 28, 2008, the Court also issued an order dismissing Case Nos. C 07-6068 RS and C 07-6232 RS because Cook failed to exhaust his administrative remedies.

[2]    Cook requested a copy of all filings, pleadings, and judgments entered in this case. Cook received a letter dated May 27, 2008, instructing him to remit $232.50 for 465 pages of copy work.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C 07-5085 RS

2

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Michael Cook
T-79529
Kern Valley State Prison
Post Office Box 5104
Delano, CA 93216

Dated: June 24, 2008

/s/ BAK
Chambers of Magistrate Judge Richard Seeborg

**United States District Court**
For the Northern District of California

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C 07-5085 RS

3